

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD R. GALVAN | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| RAIL HEAD CLUB, JOHN C. BAINTER, | § | **SA06CA0540** **RF** |
| NORWEST BANK AND WELLS FARGO | § | |
| BANK | § | |

## DEFENDANT, WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL

Defendant, WELLS FARGO BANK, N.A., files this notice of removal under 28 U.S.C.A.

§1446(a).

### A. Introduction

1.       Plaintiff is RICHARD R. GALVAN; the Defendants are WELLS FARGO BANK,

N.A., a National Banking Association, and RAIL HEAD CLUB, alleged by the Plaintiff to be a

company located in Galesburg, Illinois.  The Defendant, JOHN C. BAINTER, is alleged by the

Plaintiff to be an individual who resides at 3291 Westview Drive, Galesburg, Illinois.

2.       Plaintiff herein, RICHARD R. GALVAN, sued the Defendant, WELLS FARGO

BANK, N.A. (incorrectly identified in the Plaintiff's Original Petition as Norwest Bank and Wells

Fargo Bank), as well as the Defendants, RAIL HEAD CLUB and JOHN C. BAINTER in the 37th

Judicial District Court of Bexar County, Texas, alleging and claiming that he was lured into buying

a membership into the entity known as "Rail Head Club" through misrepresentations that were false,

misleading, deceptive and unconscionable.  The Defendant, JOHN C. BAINTER, is alleged by the

Plaintiff to be the owner and/or founder of RAIL HEAD CLUB.  The Defendant, WELLS FARGO

BANK, N.A. is alleged by the Plaintiff to have knowingly aided and abetted and sponsored the

alleged misdeeds and misrepresentations of the Defendants, RAIL HEAD CLUB and BAINTER.

3.     The Defendant, WELLS FARGO BANK, N.A., was served with the suit on June 6, 2006. Defendant, WELLS FARGO BANK, N.A., files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

### B. Basis for Removal

4.     Removal is proper because there is complete diversity between the parties 28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.,* 200F3d 753, 755 (11th Cir. 2000);   *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).  Plaintiff is a citizen of the State of Texas as is indicated in his original Petition.  None of the defendants are citizens of the State of Texas. Defendant is a citizen of the State of South Dakota.  The amount in controversy exceeds $75,000, excluding interest and costs.  While the Plaintiff's Original Petition is, to say the very least, unclear about the amount of money sought by the Plaintiff, the Petition itself refers to a brochure attached to the Petition.  The brochure is for a type of unemployment insurance for persons employed by the railroad.  The brochure indicates that membership in the "Rail Head Club" will entitle the member to "reimbursement of $200.00 per day for each day of dismissal or suspension, not to exceed 180 calendar days, and not to exceed $6,000 per month."  In other words, it appears that the maximum a member would be entitled to receive under this "membership" if he were suspended would be $36,000.00.  However, in addition to recovery of these alleged "actual damages" the Plaintiff additionally seeks to recover attorneys fees and exemplary damages.  Attached to this Notice of Removal is the affidavit of the undersigned counsel indicating that a trial on the merits of this case would exceed $50,000 and could be much higher depending upon whether the case were tried non-jury or jury and depending upon the discovery that is conducted.

5.     In addition, the Plaintiff seeks punitive damages from "these Defendants". While the amount of such exemplary damages sought is not specified, the Plaintiff seeks it in an amount "sufficient to deter these Defendants from engaging in such dastardly conduct in the future, and to discourage other such entities from treating their 'members' similarly." The Defendant Wells Fargo is one of the largest banking companies in the United States. The State of Texas allows fact finder, in determining the appropriate amount of exemplary damages, to consider the net worth of the defendant in awarding an amount that would, as the Plaintiff has indicated, discourage similar future behavior. While Wells Fargo has done absolutely nothing that would justify any finding of liability in this cause, much less the imposition of exemplary damages, clearly in considering the amount in controversy in this case, the Court could assume that punitive damages could be many multiples of the actual damages sought by the Plaintiff for actual damages in this case.

6.     Defendants, John C. Bainter and Rail Head Club, who have been served with summons consent to the removal of this case to federal court. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995); *see* 28 U.S.C. § 1446(a).  All other defendants who have been served with summons are not required to consent to the removal of this case to federal court.  Specifically, consent of all other defendants is not necessary because there is no such entity known as Norwest Bank any longer.  Wells Fargo and Norwest Bank were merged and Wells Fargo is the successor in interest to Norwest Bank.

7.     All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

8.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this district.

-3-

9.      Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

### C.  Jury Demand

10.     Plaintiff did not demand a jury in the state court action.

### D. Conclusion

11.     The Defendant files this Notice of Removal based upon the complete diversity between the Plaintiff and the Defendants in this cause.  In addition, although the Plaintiff's pleadings do not specify the dollar amount of damages sought, based upon the brochure attached to the Plaintiff's Original Petition as well as the attorneys fees that are sought by the Plaintiff and the punitive damages as sought by the Plaintiff, it is reasonable and fair to say that the amount in controversy in this case will exceed $75,000.  For these reasons, Defendant, Wells Fargo Bank, N.A., asks the court to remove the action to this federal court.

                    Respectfully submitted,

                    LAW OFFICE OF S. MARK MURRAY, INC.
                    2818 NACOGDOCHES ROAD
                    SAN ANTONIO, TEXAS 78217
                    TELEPHONE:  (210) 224-1800
                    TELECOPIER: (210) 224-2088

                    BY:_____
                        S. MARK MURRAY
                        State Bar No. 14729800

                    ATTORNEY FOR DEFENDANT,
                    WELLS FARGO BANK, N.A.

## CERTIFICATE OF SERVICE

I, S. MARK MURRAY, certify that a true and correct copy of the foregoing instrument was mailed to all parties and counsel as provided below, by first class United States mail, postage prepaid, on June 21, 2006:

Mr. Stephen P. Carrigan
THE CARRIGAN LAW FIRM, L.L.P.
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
*Facsimile #713/739-0821*
ATTORNEYS FOR PLAINTIFF


_____
S. MARK MURRAY

RUN DATE: 06/21/2006 BEXAR COUNTY CENTRALIZED DOCKET SYSTEM PG: 1  PGM: DKB4900I
RUN TIME: 10:12:56                                                  JCL: SPPROD
-----------------------------------------------------------------------------

## \* D O C K E T   I N F O R M A T I O N \*

CAUSE NUM: 2006CI08357
DATE FILED:  05/30/2006        COURT: 037         UNPAID BALANCE:      0.00
TYPE OF DOCKET: DAMAGES
### \* \* \* S T Y L E \* \* \*
            RICHARD R GALVAN
                VS RAIL HEAD CLUB ET AL

ACCOUNT TYPE:                  ACCOUNT NO:
ACCESS: 0                      STATUS: PENDING
LIST TYPE: C

### \* L I T I G A N T    I N F O R M A T I O N \*
SEQ   LAST /FIRST /MIDDLE NAME           LIT. TYPE/ATTORNEY          DATE

00001 GALVAN RICHARD R                   PLAINTIFF                05/31/2006
                                          00001 CARRIGAN, STEPHEN P

00002 RAIL HEAD CLUB                     DEFENDANT                05/31/2006
00003 BAINTER JOHN C                     DEFENDANT                05/31/2006
00004 NORTHWEST BANK                     DEFENDANT                05/31/2006
00005 WELLS FARGO BANK                   DEFENDANT                05/31/2006

### \* S E R V I C E S    I N F O R M A T I O N \*
SEQ   SERVICE TYPE / DATES          DIST    LITIGANT NAME

00001 CITATION CERTIFIED MAIL           150
      ISS: 05/31/2006  REC: 05/31/2006  EXE: 06/05/2006  RET: 06/08/2006

00002 CITATION CERTIFIED MAIL           150     BAINTER JOHN C
      ISS: 05/31/2006  REC: 05/31/2006  EXE: 06/05/2006  RET: 06/08/2006

00003 CITATION CERTIFIED MAIL           150
      ISS: 05/31/2006  REC: 05/31/2006  EXE: 06/05/2006  RET: 06/07/2006

00004 CITATION CERTIFIED MAIL           150
      ISS: 05/31/2006  REC: 05/31/2006  EXE: 06/06/2006  RET: 06/08/2006

### \* A T T O R N E Y    I N F O R M A T I O N \*
 SEQ  DATE FILED  BAR NBR.  NAME                        STATUS        DATE

00001 05/31/2006  03877000  CARRIGAN, STEPHEN P         SELECTED    05/31/2006

### \* P R O C E E D I N G    I N F O R M A T I O N \*
 SEQ     DATE FILED        REEL       IMAGE     PAGE COUNT

00001    05/31/2006        0000       0000        0000
         DESC: PLAINTIFF'S ORIGINAL PETITION
00002    05/31/2006        0000       0000        0000
         DESC: REQUEST FOR

RUN DATE: 06/21/2006 BEXAR COUNTY CENTRALIZED DOCKET SYSTEM PG: 2   PGM: DKB4900I
RUN TIME: 10:12:56                                                   JCL: SPFROD

------------------------------------------------------------------------------------

                        4 CITS CML
00003        05/31/2006              0000      0000          0000
             DESC: SERVICE ASSIGNED TO CLERK 2

                         * T R I A L      I N F O R M A T I O N *
    SEQ      DATE FILED            COURT             SETT. DATE   TIME        ATTY


                         * O R D E R    I N F O R M A T I O N *
    SEQ    DATE FILED  JUDGE NAME              VOLUME   PAGE  PAGE CNT   AMOUNT   SOF


                         * B O N D    I N F O R M A T I O N *
    SEQ      DATE FILED   PRINCIPAL

CERTIFIED MAIL #7160390198429     )094

"The State of Texas"                    NO.  2006-CI-08357

RICHARD R GALVAN                                      IN THE DISTRICT COURT
**Plaintiff**
**vs.**                                                        37th  JUDICIAL DISTRICT

RAIL HEAD CLUB ET AL                                  BEXAR COUNTY, TEXAS
**Defendant**
( Note: Attached Document May Contain Additional Litigants. )    **NOTICE**

**Citation** Directed to:  RAIL HEAD CLUB

                3291 WESTVIEW DR
                GALESBURG IL  61401-1183

"You have been sued.  You may  employ  an attorney.  If you or your  attorney do not
file a written answer  with  the clerk  who issued  this citation  by  10:00 a.m. on the
Monday next  following  the  expiration  of twenty  days  after  you were  served this
citation and petition, a  default  judgment  may  be  taken  against  you." Said petition
was filed on the 30th  day of  May          ,  2006  .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 31st  DAY OF  May
A.D.,  2006 .

PLAINTIFF'S ORIGINAL PETITION

                                        MARGARET G. MONTEMAYOR
                                        District Clerk of Bexar County, Texas
                                        Bexar County Courthouse
STEPHEN P CARRIGAN                      San Antonio, Texas, 76205
**Attorney/PLAINTIFF**
**address**                             By: _____ Deputy
909 FANNIN ST 1575                           LIDIA GARCIA-GAMEZ
HOUSTON, TX 77010-1014

                        OFFICER'S RETURN

Came to hand on the  31st  day of  May          , A.D.,  2006   at  3:33  o'clock  P .M. and
EXECUTED  (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____,  A.D.,
_____, by delivering to _____ a true copy of this
_____ citation _____, upon which I endorsed the date of delivery, together
with the accompanying copy of the   PLAINTIFF'S ORIGINAL PETITION
_____
_____
_____.
Cause of failure to execute this _____ is _____.

                        MARGARET G. MONTEMAYOR
                        Clerk of the District Courts of
                        Bexar County, Texas

                        By _____ Deputy
                            LIDIA GARCIA-GAMEZ

                                        FILE COPY
                                          (DK003)

CERTIFIED MAIL #7160390198429   2100

"The State of Texas"                    NO. ___2006-CI-08357___

RICHARD R GALVAN _____                   IN THE DISTRICT COURT
**Plaintiff**
vs.                                                _37th_ JUDICIAL DISTRICT

RAIL HEAD CLUB ET AL _____
**Defendant**                                      BEXAR COUNTY, TEXAS
( Note: Attached Document May Contain Additional Litigants. )    **NOTICE**

**Citation** Directed to:  JOHN C BAINTER

                    3291 WESTVIEW DR
                    GALESBURG IL  61401-1183

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the _30th_ day of _May_____, _2006_. ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS _31st_ DAY OF _May_____ A.D., _2006_.

PLAINTIFF'S ORIGINAL PETITION

                                        MARGARET G. MONTEMAYOR
                                        District Clerk of Bexar County, Texas
                                        Bexar County Courthouse
STEPHEN P CARRIGAN _____      San Antonio, Texas  78205
**Attorney**/PLAINTIFF
**address**                             By: _Lidia Garcia_____ Deputy
909 FANNIN ST 1575
HOUSTON, TX 77010-1014                  LIDIA GARCIA-GAMEZ

                    OFFICER'S RETURN

Came to hand on the _31st_ day of _May_____, A.D., _2006_ at _3:34_ o'clock _P_.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., _____, by delivering to _____ a true copy of this _____citation_____, upon which I endorsed the date of delivery, together with the accompanying copy of the _PLAINTIFF'S ORIGINAL PETITION_____
_____
_____
_____.

Cause of failure to execute this _____ is _____.

                    MARGARET G. MONTEMAYOR
                    Clerk of the District Courts of
                    Bexar County, Texas

                    By _____ Deputy
                        LIDIA GARCIA-GAMEZ
                                        **FILE COPY**
                                        (DK003)

CERTIFIED MAIL #71603901984295 2117

"The State of Texas"      NO.  2006-CI-08357

RICHARD R GALVAN
**Plaintiff**
vs.

RAIL HEAD CLUB ET AL
**Defendant**
( Note: Attached Document May Contain Additional Litigants. )

**Citation** Directed to:  NORTHWEST BANK

IN THE DISTRICT COURT

37th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**NOTICE**

125 MAIN STREET
WINONA MN  55987

"You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of May , 2006 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 31st DAY OF May A.D., 2006 .

PLAINTIFF'S ORIGINAL PETITION

STEPHEN P CARRIGAN
**Attorney**/PLAINTIFF
**address**
909 FANNIN ST 1575
HOUSTON, TX 77010-1014

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By: _Lidia Garcia_ Deputy
LIDIA GARCIA-GAMEZ

### OFFICER'S RETURN

Came to hand on the 31st day of May , A.D., 2006 at 3:34 o'clock P .M. and EXECUTED  (NOT EXECUTED) by CERTIFIED MAIL, on the ____ day of _____,  A.D., _____, by delivering to _____ a true copy of this _____ citation _____, upon which I endorsed the date of delivery, together with the accompanying copy of the  PLAINTIFF'S ORIGINAL PETITION _____
_____
_____
_____.

Cause of failure to execute this _____ is _____.

MARGARET G. MONTEMAYOR
Clerk of the District Courts of
Bexar County, Texas

By _____ Deputy
LIDIA GARCIA-GAMEZ

FILE COPY
(DK003)

CERTIFIED MAIL #71603901984: 52124

"The State of Texas"                    NO.   2006-CI-08357

RICHARD R GALVAN                              IN THE DISTRICT COURT
Plaintiff
vs.                                           37th  JUDICIAL DISTRICT

RAIL HEAD CLUB ET AL                          BEXAR COUNTY, TEXAS
Defendant
( Note: Attached Document May Contain Additional Litigants. )    **NOTICE**

**Citation** Directed to:  WELLS FARGO BANK
                           BY SERVING ITS PRESIDENT JOHN WINSTON

                           200 E MAIN STREET
                           GALESBURG IL  61401-4707

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the _30th_ day of _May_____, _2006_ .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS _31st_ DAY OF _May_____
A.D., _2006_ .

PLAINTIFF'S ORIGINAL PETITION

                                              MARGARET G. MONTEMAYOR
                                              District Clerk of Bexar County, Texas
                                              Bexar County Courthouse
STEPHEN P CARRIGAN                            San Antonio, Texas 78205
Attorney/PLAINTIFF
address                                       By: _Lidia Garcia_____ Deputy
909 FANNIN ST 1575
HOUSTON, TX 77010-1014                            LIDIA GARCIA-GAMEZ

---

### OFFICER'S RETURN

Came to hand on the _31st_ day of _May_____, A.D., _2006_ at _3:34_ o'clock _P_ .M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., _____, by delivering to _____ a true copy of this _____ citation _____, upon which I endorsed the date of delivery, together with the accompanying copy of the _PLAINTIFF'S ORIGINAL PETITION_____
_____
_____
_____.
Cause of failure to execute this _____ is _____.

                      MARGARET G. MONTEMAYOR
                      Clerk of the District Courts of
                      Bexar County, Texas

                      By _____ Deputy
                           LIDIA GARCIA-GAMEZ

                                      FILE COPY
                                        (DK003)

2006CI08357

# The
# CARRIGAN

## Law Firm

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
TWO HOUSTON CENTER, 909 FANNIN, SUITE 1575, HOUSTON, TEXAS 77010

TELEPHONE (713) 739-0810                    FACSIMILE (713) 739-0821

MAY 25, 2006
PROCESS DEPT.

Margaret Montemayor
Bexar County District Clerk
100 Dolorosa St.
San Antonio, Texas 78205



Re:     Cause No._____; Richard Galvan v. Rail Head Club, John C. Bainter, Norwest
        Bank and Wells Fargo Bank; In the _____ Judicial District Court of Bexar County, Texas.

Dear Sir:

Enclosed please find for filing in the above referenced matter and original and five copies of Plaintiff's Original Petition.

Also enclosed is our firm check in the amount of $454.00 constituting payment of filing fees for the Petition, issuance of Citations for four defendants, and **service of process by certified mail for all defendants**.

I ask that you issue citations to Rail Head Club at 3291 Westview Dr., Galesburg, Illinois 61401-1183;

John C. Bainter, President and Owner of Rail Head Club, at 3291 Westview Dr., Galesburg, Illinois 61401-1183;

Norwest Bank, at 125 Main Street, Winona, Minnesota 55987; and,

Wells Fargo Bank, President John Winston, 200 East Main Street, Galesburg, Illinois 61301.

Please return to my office one file stamped copy of the petition via the enclosed envelope.

Thank you for your usual assistance and cooperation in this matter and if you have any questions regarding the enclosed I can be reached at the address and phone number listed above.

Very truly yours,

*Wendy Watson*

Wendy Watson

Enclosures

2006CI08357 ORIGINAL

The

# CARRIGAN

### Law Firm

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
TWO HOUSTON CENTER, 909 FANNIN, SUITE 1575, HOUSTON, TEXAS 77010

TELEPHONE (713) 739-0810

MAY 25, 2006

FACSIMILE (713) 739-0821

C R T
PROCESS DEPT.

**37th**

Margaret Montemayor
Bexar County District Clerk
100 Dolorosa St.
San Antonio, Texas 78205

Re:     Cause No._____; Richard Galvan v. Rail Head Club, John C. Bainter, Norwest
        Bank and Wells Fargo Bank; In the _____ Judicial District Court of Bexar County, Texas.

Dear Sir:

Enclosed please find for filing in the above referenced matter and original and five copies of Plaintiff's Original Petition.

Also enclosed is our firm check in the amount of $454.00 constituting payment of filing fees for the Petition, issuance of Citations for four defendants, and **service of process by certified mail for all defendants**.

I ask that you issue citations to Rail Head Club at 3291 Westview Dr., Galesburg, Illinois 61401-1183;

John C. Bainter, President and Owner of Rail Head Club, at 3291 Westview Dr., Galesburg, Illinois 61401-1183;

Norwest Bank, at 125 Main Street, Winona, Minnesota 55987; and,

Wells Fargo Bank, President John Winston, 200 East Main Street, Galesburg, Illinois 61301.

Please return to my office one file stamped copy of the petition via the enclosed envelope.

Thank you for your usual assistance and cooperation in this matter and if you have any questions regarding the enclosed I can be reached at the address and phone number listed above.

Very truly yours,

Wendy Watson

Enclosures

ORIGINAL

NO. **2006CI08357**



| | | |
|---|---|---|
| RICHARD R. GALVAN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BEXAR COUNTY, T E X A S |
| | § | |
| RAIL HEAD CLUB, JOHN C. BAINTER, | § | |
| NORWEST BANK and WELLS FARGO | § | |
| BANK | § | **37th** ___ CIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES RICHARD R. GALVAN, Plaintiff herein, and files this lawsuit complaining

of RAIL HEARD CLUB, JOHN C. BAINTER, NORWEST BANK and WELLS FARGO BANK,

Defendants, and in support thereof would respectfully show the Court the following:

### I.

### PARTIES

Defendant, Rail Head Club, is a company located in Galesburg, Illinois, and may be served

by forwarding a copy of this Petition by certified mail return receipt requested to 3291 Westview

Dr., Galesburg, Illinois 61401-1183.

Defendant, John C. Bainter, is the President and Owner of Rail Head Club, and may be

served by forwarding a copy of this Petition by certified mail return receipt requested to 3291

Westview Dr., Galesburg, Illinois 61401-1183.

Defendant Norwest Bank is a financial/lending institution which may be served by

forwarding a copy of this Petition by certified mail return receipt requested to 125 Main Street,

Winona, Minnisota 55987.

Defendant Wells Fargo Bank is a financial/lending institution which may be served by

forwarding a copy of this Petition by certified mail return receipt requested to its President, John

Winston, at 200 East Main Street, Galesburg, Illinois 61401.

## II.

### BACKGROUND FACTS

Your Plaintiff, Richard R. Galvan, is resident of Bexar County, Texas, and a full-time employee of Union Pacific Railroad Company.  As such, your Plaintiff came across publicly disseminating promotional materials and propaganda about the Defendant herein, Rail Head Club. Rail Head Club is reported to be "a company owned and operated by railroaders in Galesburg, Illinois, to protect other fellow railroaders in our operating crafts...TEY."  The Rail Head Club contains many representations and promises about the protections and services it offers that are intended to be extremely enticing, appealing and alluring to "railroaders" such as your Plaintiff. Indeed, you Plaintiff was lured to join the Rail Head Club by the many promises and representations contained within.  Plaintiff was especially interested in the insurance afforded to Rail Head Club members in the event of suspension by the railroad employer.

"WHAT DO I DO WHEN I GET INTO TROUBLE?  Simple - - call us!  Call Rail Head Club and we will send you a reimbursement form to fill out and send it back with your letter of suspension and we will start reimbursing you.........  It's just that simple!  You expect your payday income to be protected and RAIL HEAD CLUB does exactly that, without hassle or excuses."  In fact, the Rail Head Club promotional/sales information is so glossy and attractive that the Rail Head Club brochure states "Rail Head Club looks too good to be true, right?"

Based on the above and much, much more, it is no wonder that your Plaintiff bought into what Defendants were selling.  Unfortunately, all of the Defendants' representations and promises turned out to be false and nothing more than intentional misrepresentations that were false,

2

misleading, deceptive and unconscionable.  Sure enough, when your Plaintiff herein experienced

work suspensions, all of a sudden, your Defendants responded with what they specifically promised

they would not do -- that is all that they provided Plaintiff with was hassle, excuses, obstacles and

everything but Plaintiff's payday income that the Defendants herein had contracted to protect.

### III.

### VENUE AND JURISDICTION

Venue and Jurisdiction are proper in Bexar County, Texas, in that Plaintiff at all times

material hereto was a resident of Bexar County, Texas, and due to the fact that most if not all of the

acts or omissions that give rise to Plaintiff's causes of action occurred in Bexar County, Texas, and

the fact that all of your Plaintiff's damages/losses were incurred in Bexar County, Texas.

### IV.

### CAUSES OF ACTION AS TO DEFENDANTS
### RAIL HEAD CLUB AND JOHN C. BAINTER

A.   <u>Breach of Contract</u>.    Plaintiff entered into a lawfully binding contract with your

Defendants herein to provide wage/income protection/insurance as a result of suspension/dismissal

from service by his railroad employer, Union Pacific Railroad Company.  Although Plaintiff fully

complied with all of his duties, obligations and conditions precedent to compensation from a claim,

Defendants herein totally failed and refused to fulfill their contractual duties and obligations.  As a

result, Defendants have breached their contract with Plaintiff herein, causing Plaintiff serious and

continuing damages.  As a result of said breaches and damages, Plaintiff has been forced to retain

an attorney to prosecute these claims and to obtain on behalf of your Plaintiff, justice and Plaintiff's

rightful compensation.  Plaintiff is entitled to seek recovery of his incurred attorneys' fees and legal

3

expenses and hereby does so.  Defendants' breaches were intentional and egregious.  A copy of a portion of Plaintiff's contract with Defendants is attached as Exhibit #1.

B. <u>Intentional Misrepresentation</u>    Defendants' misrepresentations were knowingly, willfully, and intentionally made to lure unsuspecting railroaders to buy Defendants' scam of lies, misrepresentations, deceit and falsehoods.  Defendants must, therefore, be held accountable for same.

## V.

## CAUSES OF ACTION AS TO DEFENDANTS
## NORWEST BANK AND WELLS FARGO BANK

Defendants Norwest Bank and Wells Fargo Bank are liable for Plaintiff's damages as co-conspirators with Defendants Rail Head Club and John C. Bainter, and for knowingly aiding, abetting and sponsoring the misdeeds and misrepresentations of Defendants Rail Head Club and John C. Bainter.  Evidence of this sponsorship is attached hereto as Exhibit #2.

## VI.

## DAMAGES

As a result of Defendants' numerous breaches and intentional misrepresentations, Plaintiff is out of pay/income that should have been "protected" by Defendants' services and products.  In addition, Plaintiff is entitled to pre-judgment and post judgment interest as allowed by law, and as stated above, is entitled to recoup his legal costs and attorneys' fees.

## VII.

## EXEMPLARY DAMAGES

As a result of Defendants' knowing, willful and intentional breaches of contract and

communicated misrepresentations, Defendants should be sanctioned/punished by the imposition of exemplary damages. The exemplary damages should be in an amount sufficient to deter these Defendants from engaging in such dastardly conduct in the future, and to discourage other such entities from treating their "members" similarly. The imposition of punitive damages is necessary in order to prevent these Defendants from taking similar advantage from other unsuspecting and trusting railroaders.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants, and each of them, be cited and required to answer herein according to law, and that upon final hearing hereof that Plaintiff be granted judgment against Defendants, jointly and severally, for the full amount of the damages of Plaintiff in each of the capacities in with he sues, for pre-judgment interest and post-judgment interest, for costs of Court, for punitive damages severally as to each Defendant found liable for the same, and for such other relief at law or in equity, in which Plaintiff may appear entitled.

Respectfully submitted,

**THE CARRIGAN LAW FIRM, L.L.P.**

By: _Stephen P. Carrigan_
       Stephen P. Carrigan
       State Bar No. 03877000
       2 Houston Center
       909 Fannin, Suite 1575
       Houston, Texas 77010
       713-739-0810
       713-739-0821 (facsimile)
       Attorneys for Plaintiff
       Richard R. Galvan

5



**Rail Head Club**

# Certificate of Assurance

THE FOLLOWING MEMBER IS PROTECTED BY RAIL HEAD CLUB against the existing discipline systems presently in use by AMERICA'S RAILROADS today.

MEMBER: _Richard R. Galvan_ #828

The individual member shall be entitled to reimbursement of $200.00 per day for each day of dismissal or suspension, not to exceed 180 Calendar days, and not to exceed $6000.00 per month.  Each member must continue to pay membership fee each month, including months of dismissal or suspension, to be entitled to full reimbursement.

Failure to contribute the membership fee during any month of dismissal or suspension, shall exclude that member from receiving their reimbursement for the non-membership monthly period of time.

Reimbursement is made only to RAIL HEAD CLUB members with current membership fees paid in full.  RAIL HEAD CLUB shall provide reimbursement for Violation of Rule "G"(GCOR 1.5) and Insubordination at $100.00 per day for each day of dismissal or suspension, not to exceed 30 days, and not to exceed $3000.00. Reimbursement under these two rules is restricted to a ONE-TIME ALLOWANCE for either Rule "G" or Insubordination.  Reimbursement is limited to one-time payment during members career.  Reimbursement for either Rule "G" or Insubordination shall constitute the one-time reimbursement allowance and disqualify member for any further reimbursement under these two existing rules.

A member of RAIL HEAD CLUB having maintained continuous membership for a period of more than fifteen(15) years, and who did not receive any reimbursement during their career with RAIL HEAD CLUB, shall be entitled to a one-time reimbursement of $2500.00 upon retirement, or separation from railroad service, other than by resignation.

John C. Bainter
President



EXHIBIT

**P.O. Box 1171 • Galesburg, IL  61401 • 309-342-7360**



**Rail Head Club**

<u>INFORMATION CONCERNING RAIL HEAD CLUB</u>

RAIL HEAD CLUB is a company owned and operated by railroaders in Galesburg, Illinois, to protect other fellow railroaders in our operating crafts..TEY.

RAIL HEAD CLUB is a company which is financially underwritten by NORWEST BANK which recently merged with WELLS FARGO BANK to become the second-largest banking conglomerate West of the Mississippi River.

RAIL HEAD CLUB has been in business officially since January 1, 1998. Although we are relatively new, we are committed to providing the best possible job protection for our members. We are unmatched in our protection level and pricing not to mention our refunding policy.

RAIL HEAD CLUB doesn't maintain sales personnel along the railroads so that we can maintain low costs. We feel that Rail Head Club is so good that it should sell itself, after all, that is really what a product or service should do.

RAIL HEAD CLUB continues to seek ways to improve our service so that we can always be the best. As of July 1, 1998 we included protection for Rule G and Insubordination into our protection for our members. No other service provides this for their men/women.

We hope to improve the refund policy amount from $2500.00 at present to a higher level later as we grow as a company.

RAIL HEAD CLUB looks too good to be true, right? Thats because real railroaders own and operate it, and not some company that has nothing to do with railroaders.

RAIL HEAD CLUB is good enough to sell itself to our brother railroaders, and we are very pleased to introduce it to you if you are interested.

> John C. Bainter
> President
> RAIL HEAD CLUB



FILED
DISTRICT CLERK
BEXAR CO. TEXAS
BEXAR NO. 2006-CI-08357

2006 JUN 21 AM 11: 30

DEPUTY

BY _____

| | | |
|---|---|---|
| RICHARD R. GALVAN | )( | IN THE DISTRICT COURT |
| VS. | )( | 37th JUDICIAL DISTRICT |
| RAIL HEAD CLUB, JOHN C. BAINTER, | )( | |
| NORWEST BANK and WELLS FARGO | )( | |
| BANK | )( | BEXAR COUNTY, TEXAS |

### DEFENDANT, WELLS FARGO BANK, N.A.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes WELLS FARGO BANK, N.A., Defendant in the above entitled and numbered cause, and files this its first Original Answer herein, and for grounds of defense says:

THAT said Defendant denies generally all and singular each and every allegation of fact contained in the Plaintiff's Original Petition filed herein and says that this Defendant will require strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that all relief prayed for by Plaintiff be denied and that Plaintiff take nothing herein and that Defendant go hence with its costs.

Respectfully submitted,

LAW OFFICE OF S. MARK MURRAY, INC.
2818 NACOGDOCHES ROAD
SAN ANTONIO, TEXAS 78217
TELEPHONE: (210) 224-1800
TELECOPIER: (210) 224-2088

BY: _____
S. MARK MURRAY
State Bar No. 14729300

ATTORNEY FOR DEFENDANT,
WELLS FARGO BANK, N.A.

-1-

## CERTIFICATE OF SERVICE

I, S. MARK MURRAY, certify that a true and correct copy of the foregoing instrument was mailed to all parties and counsel as provided below, by facsimile and/or by certified mail, return receipt requested, on June _21st_, 2006:

Mr. Stephen P. Carrigan
THE CARRIGAN LAW FIRM, L.L.P.
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas 77010
_Facsimile #713/739-0821_
ATTORNEYS FOR PLAINTIFF

_____
S. MARK MURRAY

-2-

## PARTIES AND ATTORNEYS OF INTEREST

**PARTIES:**                    **ATTORNEY:**

Plaintiff: Richard R. Galvan        Mr. Stephen P. Carrigan
                                    THE CARRIGAN LAW FIRM, L.L.P.
                                    2 Houston Center
                                    909 Fannin, Suite 1575
                                    Houston, Texas 77010
                                    *713/739-0810; Facsimile #713/739-0821*


Defendant: Wells Fargo Bank, N.A.   Mr. S. Mark Murray
                                    Law Office of S. Mark Murray, Inc.
                                    2818 Nacogdoches Road
                                    San Antonio, Texas 78217
                                    *224-1800; Facsimile #224-2088*


Defendant: Rail Head Club


Defendant: John C. Bainter

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD R. GALVAN | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| RAIL HEAD CLUB, JOHN C. BAINTER, | § | |
| NORWEST BANK AND WELLS FARGO | § | |
| BANK | § | |

### AFFIDAVIT OF S. MARK MURRAY IN SUPPORT OF
### DEFENDANT, WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL

BEFORE ME, the undersigned authority, on this day personally appeared, S. MARK MURRAY, known to me to be the person whose name is subscribed hereto, and after having been duly sworn upon his oath, stated as follows:

"My name is S. MARK MURRAY. I am over the age of 21, have personal knowledge of all of the facts as are herein recited and am fully competent to make this affidavit. I am an attorney licensed by the States of Texas and Colorado. I graduated from the University of Texas School of Law in 1977, passed the bar examination in the State of Texas that same summer and I have been licensed in the State of Texas since November 11, 1977. I have been actively engaged in the practice of law in San Antonio, Bexar County, Texas since January of 1978. Most of my practice since that time has been involved with business trial practice. As such, I am familiar with the trial of cases and the usual and customary fees which are charged in Bexar County, Texas for the trial of cases such as the above styled and numbered case. Although it is difficult to tell exactly what the amount of the claims are that are being asserted by the Plaintiff in this case, it is clear that most of the witnesses who would need to be deposed from the defense standpoint would be in Illinois. All of the bankers

-1-

who were involved in any way with Rail Head Club are located in Illinois as is the Defendant, John C. Bainter as well as his organization, Rail Head Club.  While it is impossible to tell at this point with any precision, the exact discovery that would be necessitated in the event this case were tried, it is reasonable to assume it would involve traveling to Illinois probably more than once and probably for more than one day whenever such a trip were necessitated.

"It appears from the Plaintiff's Original Petition that the Plaintiff is seeking relief under, among other things, the *Texas Consumer Protection-Deceptive Trade Practices Act.*   Under the provisions of that statute, if the Plaintiff prevails he is entitled to recover reasonable attorneys fees and, if he obtains a finding that the violations of the Act were committed "knowingly" (as the Plaintiff appears to be alleging in this case) can also recover an amount of "additional damages" (in addition to actual damages) equal to three times the amount of actual damages.

"In my opinion, given the allegations of the Plaintiff, it is reasonable to assume that the cost of trying this case to judgment or verdict could easily exceed the sum of $50,000 as and for reasonable attorneys fees.  If the case is tried to a jury, that number would certainly be exceeded."

Further Affiant Sayeth Not.

_____
S. Mark Murray

Sworn to and subscribed before me, the undersigned Notary Public on this the 21st day of _____ JUNE _____, 2005.

CAROL MCNEILL
MY COMMISSION EXPIRES
November 16, 2009

_____
Notary Public in and for the State of Texas
My Commission Expires: 11-16-09

-2-

## CERTIFICATE OF SERVICE

     I, S. MARK MURRAY, certify that a true and correct copy of the foregoing instrument was mailed to all parties and counsel as provided below, by first class United States mail, postage prepaid, on June 21 , 2006:

     Mr. Stephen P. Carrigan
     THE CARRIGAN LAW FIRM, L.L.P.
     2 Houston Center
     909 Fannin, Suite 1575
     Houston, Texas 77010
     *Facsimile #713/739-0821*
     ATTORNEYS FOR PLAINTIFF

S. MARK MURRAY