

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2006 JUL -3 P 12: 46

| | | |
|---|---|---|
| RICHARD R. GALVAN | § | |
| | § | |
| V. | § | C.A. NO. SA06CA0540 |
| | § | |
| RAIL HEAD CLUB, JOHN C. BAINTER, | § | |
| NORWEST BANK AND WELLS FARGO | § | |
| BANK | § | |
| | § | |

## PLAINTIFF, RICHARD R. GALVAN'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Richard R. Galvan, to remand this case under 28 U.S.C. §1447(c) and in support thereof would respectfully show the court the following:

### I.
### PRELIMINARY STATEMENT

Defendant, Wells Fargo Bank, bases it's removal upon two basic arguments: (1) there is complete diversity between the Plaintiff and all defendants and (2) the amount in controversy exceeds $75,000, excluding interest and costs.

### II.
### GROUNDS FOR REMAND

A party has the right to remove a case to federal court only when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. §1441. The removing party bears the burden of establishing that the state court suit is properly

removable to federal court. *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). The federal removal statute should be strictly construed because it deprives the state court of a case properly before it, thereby implicating important federalism concerns. *Carpenter*, 44 F.3d at 365. Any doubts regarding the propriety of removal are to be resolved in favor of remand to state courts. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9 (1941).

*A. Amount in Controversy does not meet the minimum requirements for federal jurisdiction.*

Plaintiff's complaint seeks "pay and income that should have been protected by the defendant's services and products". As well as any interest, attorney's fees and exemplary damages sufficient to deter Defendants from engaging in similar conduct in the future. Plaintiff's Petition, page 4-5. When the plaintiff's complaint does not allege a specific amount if damages, the removing party must prove by a *preponderance of the evidence* that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995)(emphasis added). Defendant, Wells Fargo Bank has failed to produce any evidence that the amount of money in question exceeds $75,000. The counsel for the defense cites an affidavit given by himself that **in his opinion**, "a trial on the merits of this case would exceed $50,000, and could be much higher." Defendant's Notice of Removal, p.2. The defendant also relies on the net worth of the defendant in order to extrapolate some theoretical number for damages. Id. at p.3. The defendants have not shown even a scintilla of evidence, aside from an opinion of their very own counsel that any damages could exceed $75,000. Any assertion by the defendant that the minimum amount is met is nothing more than speculative in nature and in no way proves

by a *preponderance of the evidence* that the minimum amount of $75,000 is met. In addition to the above facts, attached to this Motion to Remand is the affidavit of the undersigned counsel stating that any and all damages, including attorney's fees and additional damages would not total more than $74,999 and further that the Plaintiff seeks no more than $74,999 in total damages. Said affdavit is therefore conclusive of this issue and threfore remand must ensue.

### III.
### CONCLUSION & PRAYER

Wells Fargo has failed to produce any evidence which proves by a *preponderance of the evidence* that the damages in this will exceed $75,000, and the affadavit from plaintiff's counsel is conclusive on this issue, therefore this case must be remanded back to state court.

WHERFORE, PREMISES CONSIDERED, Plaintiff, Richard R. Galvan, respectfully requests this Honorable Court to remand this case back to the 37th Judicial District Court of Bexar County, Texas. Plaintiff further requests all other relief to which he may be entitled.

Respectfully Submitted,

THE CARRIGAN LAW FIRM, L.L.P.

_____
Stephen F. Carrigan
Fed. Id. No. 6112
State Bar No. 03877000
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas, 77010
713-739-0810
713-739-0821(fax)

**Of Counsel**:
Jill L. Groff
State Bar No. 12057400
2 Houston Center
909 Fannin, Suite 1575
Houston, Texas, 77010
713-739-0810
713-739-0821 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was duly forwarded, pursuant to the Federal Rules of Civil Procedure, to all counsel listed below on this the 30th day of June, 2006:

LAW OFFICE OF S. MARK MURRAY, INC.
S. Mark Murray
2818 Nacogdoches Road
San Antonio, Texas 78217
Telephone: (210) 224-1800
Fax: (210) 224-2088

_____
Stephen P. Carrigan

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD GALVAN § | |
| § | |
| V. § | C.A. NO. SA06CA0540 |
| § | |
| RAIL HEAD CLUB, JOHN C. BAINTER, § | |
| NORWEST BANK AND WELLS FARGO § | |
| BANK § | |
| § | |

## ORDER

On this day came to be heard the Plaintiff's Motion for Remand. The Court having considered the Motion, the pleadings on file, and the arguments of counsel, if any, is of the opinion that said Motion is meritorious and should be GRANTED. It is therefore,

ORDERED that Plaintiff's motion to remand is GRANTED. It is further

ORDERED that this case will be remanded back to the 37th Judicial District Court of Bexar County, Texas.

SIGNED this _____ day of _____, 2006.

_____
**JUDGE PRESIDING**